UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD W. EWART,<br><br>                   Plaintiff,<br><br>   v.<br><br>THE INTERNAL REVENUE SERVICE,<br><br>                   Defendant. | CASE NO. C17-1905JLR<br><br>ORDER DISMISSING ACTION AND DENYING MOTION FOR ISSUANCE OF SUMMONS |

## I.    INTRODUCTION

Before the court are *pro se* Plainitff Ronald W. Ewart's complaint against the Internal Revenue Service ("IRS") (Compl. (Dkt. # 9)); Magistrate Judge Brian A. Tsuchida's order granting Mr. Ewart *in forma pauperis* ("IFP") status and recommending that the court review Mr. Ewart's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 8) at 1); and Mr. Ewart's motion to proceed with the issuance of the summons (Mot. (Dkt. # 10)). Under 28 U.S.C. § 1915(e), district courts have authority to

review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). As discussed below, Mr. Ewart's complaint falls within the category of pleadings that the court must dismiss. Because the court dismisses Mr. Ewart's complaint, Mr. Ewart's motion to issue a summons is likewise denied as moot.

## II. BACKGROUND

Mr. Ewart brings suit against the IRS for "knowingly and with malice illegally seiz[ing] 15% of [Mr. Ewart's] Social Security benefits in the total amount of $10,000, for an alleged tax penalty." (Compl. at 2.) On February 19, 2013, the IRS notified Mr. Ewart that he and his wife's Marital Community Form 1040 was "improperly submitted" and that a correction must be provided within 30 days to avoid a $10,000.00 penalty. (*Id.* at 3.) Three days later, on February 22, 2013, Mr. Ewart responded via letter that he would "comply conditionally" but "requir[ed] a response by the IRS to said conditions in a legal affidavit."[1] (*Id.* at 4.) Mr. Ewart subsequently sent another letter on April 5, 2013, stating that "the IRS was in default and had dishonored [Mr. Ewart's] affidavit, rendering the IRS's penalty for Form 1040 . . . null and void." (*Id.*) The IRS allegedly did not reply to either of the letters. (*Id.*)

---

[1] Mr. Ewart's complaint does not disclose what conditions he required the IRS to agree to. (*See generally* Compl.)

On June 12, 2013, the IRS informed Mr. Ewart and his wife of a $10,000.00 penalty levied against them. (*Id.* at 4-5.) On August 2, 2013, Mr. Ewart again sent a written letter to the IRS, "agreeing to conditionally comply with said 'Notice of Penalty Charge', subject to the IRS providing responses to the conditions contained in said affidavit." (*Id.* at 5.) The IRS, on August 5, 2013, notified Mr. Ewart and his wife that it intended to seize their property or their rights to property for an amount totaling $10,000.00. (*Id.*) In response, on August 6, 2013, Mr. Ewart once again mailed his previous affidavits to the IRS. (*Id.*)

For the next month, the Ewarts continued to send the IRS correspondence, including an "'Innocent Spouse' Affidavit" and "multiple C-RRR letters" to various branches. (*Id.* at 6.) The IRS allegedly did not respond. (*See id.*) On April 16, 2014, and May 5, 2014, the IRS began its monthly seizures from Mr. and Mrs. Ewart's Social Security benefits respectively. (*Id.*) These seizures continued until March of 2017, presumably when the full sum of the penalty was collected. (*See id.* at 7.)

Mr. Ewart filed two claims for refund in February and June of 2017, both of which have allegedly gone unanswered. (*Id.* at 2-3.) After six months had elapsed with no response, Mr. Ewart filed the present suit for a refund, alleging that "[t]he IRS has defaulted upon and dishonored [the Ewarts'] many affidavits." (*Id.* at 7.) Mr. Ewart further alleges that by failing to respond to the Ewarts' many written mailings, "all IRS demands . . . were and are null and void by such default and by operation of law." (*Id.*) Mr. Ewart brings several claims against the IRS: (1) knowing and malicious seizure of the Ewarts' Social Security benefits; (2) harassment and intimidation through the IRS's

consistent mailing of notices; (3) violation of the Fair Debt Collection Practices Act; (4) violation of the IRS Restructuring and Reform Act; (5) violation of the Ewarts' civil rights under 42 U.S.C. § 1983; (6) violation of due process under the Fifth Amendment; and (7) infliction of "intense emotional distress" through the IRS's "open and blatant harassment with the full intent to intimidate."[2] (*Id.* at 7-10.)

Mr. Ewart seeks damages in the amount of $10,000 plus any court costs. (*Id.* at 10.) Mr. Ewart also seeks a letter from the IRS "stating that there were and are no taxes or tax penalties due" and that "the collection of said tax penalty was a gross error," as well as a "letter from the Secretary of the Treasury, on the Secretary's letterhead, and signed by the Secretary" that "apologiz[es] to the [Ewarts] for the harassment, intimidation, badgering and coercion received at the hands of the IRS." (*Id.* at 10-11.)

On January 2, 2018, Magistrate Judge Tsuchida, in granting Mr. Ewart IFP status, recommended that this court undergo a 28 U.S.C. § 1915(e)(2)(B) review of Mr. Ewart's complaint. Mr. Ewart subsequently submitted his own § 1915(e)(2)(B) review of the complaint, concluding that the complaint survives § 1915 review and requesting that the court issue the summons to be served. (Mot. at 1-2.)

### III. ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action

---

[2] It is unclear whether Mr. Ewart is bringing a claim of intentional infliction of emotional distress or whether this is another count of harassment similar to the one stated in claim 2. (*See* Compl. at 8, 10.)

fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim "is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks omitted). An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a). The court concludes that Mr. Ewart's complaint contains both a lack of a cognizable legal theory and the absence of sufficient facts.

In regards to the primary claim of refund, Mr. Ewart fails to articulate a cognizable legal theory detailing how the penalty deriving from the allegedly improper Form 1040 is unlawful. He does not, for instance, allege that the Form 1040 was correctly filed, or that the penalty assessed was calculated inaccurately. (*See* Compl.) Instead, Mr. Ewart's assertions focus on how the IRS did not respond to any of the numerous letters that he submitted. (*See* Compl. at 4-7.) Mr. Ewart offers no cognizable legal theory that the IRS must respond to his conditions to collect the aforementioned penalty, and the court is unaware of any such legal theory. (*See id.*) Although Mr. Ewart includes some case law within the complaint (*id.* at 7), none of the cited precedent pertains to a tax penalty

refund, *see, e.g., United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981) (discussing the government's burden when initiating summons enforcement proceedings). Indeed, some of the cited case law do not involve tax collection at all. *See Grp. v. Finletter*, 108 F. Supp. 327, 328 (D.D.C. 1952) (considering whether defendant acted illegally in attempting to reduce the plaintiff's military rank); *Morris v. Nat'l Cash Register*, 44 S.W.2d 433, 433-34 (Tex. Civ. App. 1931) (considering a motion to vacate a judgment in a chattel mortgage matter). It is thus unclear how these cases cited in the complaint pertain to the issue at hand—the IRS's collection of a penalty resulting from an improperly filed Form 1040. Accordingly, the court dismisses Mr. Ewart's first claim for failure to state a claim.

Mr. Ewart's remaining claims do not fare any better. Mr. Ewart fails to include sufficient factual allegations to support his allegations of harassment in claims 2 and 7. He summarily states that the IRS acted knowingly and with malice, relying on his past interactions with the agency. (Compl. at 8.) However, none of those interactions—many of which were the standard notices that the IRS must give before collecting any penalty—are sufficient to support the allegation of harassment and intimidation. Furthermore, Mr. Ewart includes only legal conclusions in his claims regarding the Fair Debt Collection Practices Act, the IRS Restructuring and Reform Act, and due process under the Fifth Amendment. (*Id.* at 9.) The complaint says nothing more about these claims other than the "unadorned, the-defendant-unlawfully-harmed-me accusation" that the IRS has

//

//

violated each of the above.[3] (*See id.*); *see Iqbal*, 556 U.S. at 678. Such accusations are insufficient. *Iqbal*, 556 U.S. at 678. And lastly, Mr. Ewart's § 1983 claim cannot survive, as § 1983 prohibits interference with federal rights under color of state law. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); 42 U.S.C. § 1983. And Mr. Ewart brings no claims against any state actor. (*See generally* Compl.) For the foregoing reasons, the court dismisses the remainder of Mr. Ewart's claims for failure to state a claim.

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Mr. Ewart fourteen (14) days to file an amended complaint that corrects the deficiencies identified herein. If Mr. Ewart fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court will dismiss his complaint without leave to amend. Because the court dismisses Mr. Ewart's complaint under § 1915 review, Mr. Ewart's pending motion to issue a summons is denied as moot.

//

//

//

---

[3] The complaint seems to imply that Mr. Ewart's due process rights were violated because the IRS's initial notice of deficiency came 19 days into the 30 days Mr. Ewart had to reply. (*See* Compl. at 3-4.) This factual allegation is insufficient to support a violation of due process.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Ewart's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend within fourteen (14) days of the filing of this order. The court DENIES as moot Mr. Ewart's motion to issue a summons (Dkt. # 10).

Dated this 17th day of January, 2018.

JAMES L. ROBART
United States District Judge