| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RONALD W. EWART, | | CASE NO. C17-1905JLR |
| | Plaintiff, | ORDER DENYING MOTION AND DISMISSING ACTION |
| v. | | |
| THE UNITED STATES, et al., | | |
| | Defendants. | |

This matter comes before the court on Plaintiff Ronald W. Ewart's "Motion in Rebuttal to Court[']s Decision to Deny Issuance of Summons in Above Case Pursuant to Court[']s Analysis of 28 U.S.C. [§] 1915(3)(2)(B) [sic]" that was filed on January 30, 2018. (Mot. (Dkt. # 13).) Mr. Ewart is proceeding *pro se*, and the court liberally construes his filing as a motion for reconsideration of the court's January 17, 2018, order dismissing Mr. Ewart's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See id.*; 1/17/18 Order (Dkt. # 11).) The court dismissed the complaint because it "contains both a lack of a cognizable legal theory and the absence of sufficient facts." (1/17/18 Order at

ORDER - 1

5.) The court allowed Mr. Ewart 14 days to amend the complaint and cautioned him that if he failed to file an amended complaint that remedied the identified deficiencies, the court would dismiss his complaint without leave to amend. (*Id.* at 7.)

Pursuant to Local Rule LCR 7(h)(1), motions for reconsideration are disfavored, and the court will ordinarily deny them unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(2). Mr. Ewart makes neither showing; instead, Mr. Ewart repeats the allegations contained within his original complaint and accuses the court of "interceding on behalf of the IRS to get rid of all those 'pesky' little lawsuits, in an act of collusion with the IRS."[1] (*See generally* Mot.; *id.* at 3.) Additionally, Mr. Ewart states that his "Complaint stands as written" (Mot. at 5 (emphasis removed)) and thus fails to submit an amended complaint that remedies the deficiencies identified in the court's previous order. Accordingly, the court DENIES Mr. Ewart's motion for reconsideration (Dkt. # 13) and DISMISSES his complaint without leave to amend and without prejudice.

Dated this 1st day of February, 2018.

JAMES L. ROBART
United States District Judge

---

[1] Mr. Ewart also includes a Freedom of Information Act ("FOIA") request for the judge's "Oath of Office" and "a signed and notarized Appointment Affidavit." (Mot. at 4-5.) However, the courts of the United States are excluded from FOIA. *See* 5 U.S.C. 551(1)(B); *Major v. Bohrnsen & Stowe, Maxey Law Office*, No. C08-0269RHW, 2009 WL 1405143, at *2 (E.D. Wash. May 19, 2009). Thus, Mr. Ewart's FOIA request is denied.